IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
AUG 23 2006
Clerk, U.S. District Court
Greensboro, N.C.
By ..........

| | |
|---|---|
| DATATREASURY CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>MAGTEK, INC.,<br><br>Defendant. | E.D. Tex. Civil Action No. 2:03-cv-00459-DF<br><br>1:06MC75 |

## NON-PARTY CREATIVE PAYMENT SOLUTIONS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S SUBPOENA

Non-party Creative Payment Solutions Inc. ("CPS") respectfully submits this memorandum of law in support of its motion to quash the subpoena served on August 18, 2006 (the "Subpoena") by Plaintiff DataTreasury Corporation ("DTC") to CPS. The Subpoena seeks to compel CPS to produce documents for inspection and give oral testimony at deposition. As discussed below, the Subpoena should be quashed because (1) the Subpoena is overbroad, imposes undue burden on non-party CPS, and seeks privileged and confidential information; and (2) Defendant Magtek, Inc.'s ("Magtek") Motion for Protective Order seeking to prevent this deposition from going forward is pending before the United States District Court for the Eastern District of Texas.

### SUMMARY OF RELEVANT FACTS

On August 7, 2006, CPS received an "Amended Notice of Intention to Take Oral and Video Deposition of a 30(b)(6) Representative of Creative Payment Solutions, Inc." ("Notice")

US2000 9463668.1 55588-329765

from DTC.[1] On August 11, 2006, counsel for CPS advised DTC of the significant deficiencies with the Notice, including the omission of a subpoena and a list of the topics on which DTC sought CPS' testimony.[2] On August 14, 2006, counsel for DTC advised that DTC intended to proceed with the CPS deposition and document production and offered to correct the deficiencies, including serving a proper subpoena. In addition, DTC advised of its need to complete the deposition and document production no later than August 31, 2006, because that is DTC's deadline to complete discovery.

Since DTC issued the Notice, however, Defendant MagTek filed a Motion for Protective Order in the United States District Court for the Eastern District of Texas, Marshall Division ("the Trial Court"), seeking to prevent the CPS deposition because DTC has exceeded the number of depositions permitted under the Scheduling Order governing discovery in the case.[3] To date, the Motion for Protective Order remains pending before the Trial Court.

On August 18, 2006, CT Corporation, as agent for service of process for CPS, received a copy of the Subpoena in this action.[4] The Subpoena commands CPS to produce six broad categories of documents on August 24, 2006 at 10:00 a.m. and to provide testimony on six broad topics on August 28, 2006 at 10:00 a.m. in Winston-Salem, North Carolina. Exh. D.

After receiving the Notice on August 7, 2006, with the expectation that DTC would correct the technical deficiencies with its Notice and would issue a subpoena seeking essentially the same broad categories of information, CPS began efforts to evaluate the location and scope of documents sought by DTC. The Notice requested a broad array of documents regarding three of Defendant MagTek's products: MICRimage, Excella and Excella STX. CPS is in the business

---

[1] A true and accurate copy of the Notice is attached hereto as Exhibit A.
[2] A true and accurate copy of the August 11, 2006 correspondence is attached hereto as Exhibit B.
[3] A true and accurate copy of Magtek's Motion for Protective Order is attached hereto as Exhibit C.
[4] A true and accurate copy of the Subpoena is attached hereto as Exhibit D.

2

of providing payment processing services. To the extent CPS has had any communications with Magtek or purchased any products from Magtek, Magtek is the best source of those documents. In addition, DTC is seeking information from CPS about the use of Magtek's products, but has not provided any showing that this information is not available from Magtek.

In the final days of the discovery period, the Subpoena commands a non-party to produce records that are available from Magtek, the defendant in that suit. As a result, the Subpoena places an undue burden on CPS and, therefore, should be quashed. Moreover, Magtek's Motion for Protective Order seeking to prevent the CPS deposition remains pending before the Trial Court. The deposition should not occur prior to the Trial Court's ruling on Magtek's Motion.

## ARGUMENT

### I. THE COURT HAS BROAD DISCRETION TO QUASH A NON-PARTY SUBPOENA.

A court in the district from which the subpoena issues may quash a subpoena under certain circumstances, including when it "fails to allow reasonable time for compliance," "requires disclosure of privileged or other protected matter and no exception or waiver applies," or "subjects a person to an undue burden." Fed. R. Civ. P. 45(c)(3)(A). Subpoenas to non-parties must be interpreted more narrowly with respect to relevance and the burden on the party served because non-parties are not involved in the pending lawsuit and should be subjected to less burdensome discovery than parties. *See Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 (M.D.N.C. 2002) (holding non-parties should be protected from undue burden); *Collins & Aikman Corp. v. J.P. Stevens & Co.*, 51 F.R.D. 219, 221 (D.S.C. 1971) ("Deering Milliken is not a party and is entitled to considerable protection from the court to prevent

3

US2000 9463668.1 55588-329765

Case 1:06-mc-00075-UA-PTS    Document 2    Filed 08/23/2006    Page 3 of 7

needless compromise and injury to it."). Imposing a substantial burden on a non-party is "a situation not normally acceptable." *Med. Components*, 210 F.R.D. at 180.

"The current prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs." *Med. Components*, 210 F.R.D. at 180 n. 9 (citations omitted). Thus, the court has broad discretion when balancing the interests of the parties and non-parties affected by the subpoena during its evaluation of a motion to quash a subpoena to a non-party. *See Alvis Coatings, Inc. v. John Does 1 - 10*, No. 3L94 CV 374-H, 2004 WL 2904405, at *2 (W.D.N.C. December 2, 2004).

## II. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT PROVIDED INADEQUATE TIME FOR COMPLIANCE AND IT REQUESTS INFORMATION THAT WOULD SUBJECT CPS TO AN UNDUE BURDEN.

While the Federal Rules do not specify a precise number of days that a deponent must be served prior to a deposition, the court is empowered to quash or modify a subpoena if it fails to allow a "reasonable time" for compliance or subjects the non-party to "undue burden." Fed. R. Civ. P. 45(c)(3)(A). Here, considering both the scope of the documents to be compiled and produced and the breadth of the topics on which CPS must testify, four business days to compile and produce documents and three additional business days within which to prepare witnesses to testify is unreasonable and imposes undue burden on CPS as a non-party witness.

Specifically, DTC has requested (1) all documents related to CPS' communications with Magtek and with any other entity about Magtek's MICRimage, Excella and Excella STX products; (2) all documents relating to the purchase or sale of Magtek's MICRimage, Excella and Excella STX products; and (3) all documents relating to the anticipated use of Magtek's

4

US2000 9463668.1 55588-329765

Case 1:06-mc-00075-UA-PTS    Document 2    Filed 08/23/2006    Page 4 of 7

MICRimage, Excella and Excella STX products at the time CPS purchased, resold, tested or installed them. Exh. D. Likewise, DTC has requested CPS to prepare a witness to testify on these same topics. *Id.* As drafted, the deposition topics are broad and require compilation and review of a large amount of information for any witness to provide meaningful testimony on behalf of CPS. This short time period is unreasonable and was imposed because of a discovery deadline that does not involve CPS, a non-party.

Moreover, the Federal Rules impose an obligation on litigants to avoid "imposing undue burden or expense" on persons subject to the subpoena, particularly non-party witnesses. Fed. R. Civ. P. 45(c)(1). To the extent CPS has had any communications with Magtek or purchased any products from Magtek, Magtek is the best source of those documents. In addition, DTC is seeking information from CPS about the use of Magtek's products, but has not provided any showing that this information is not available from Magtek.

### III. THE DEPOSITION SHOULD NOT OCCUR SINCE MAGTEK'S MOTION FOR PROTECTIVE ORDER IS PENDING.

MagTek filed a Motion for Protective Order on August 10, 2006 asking the Trial Court to prevent DTC from taking the deposition of CPS because this deposition will exceed the number of depositions allotted to DTC under the Scheduling Order. That Motion remains pending before the Trial Court today. Thus, it is highly likely that CPS could spend significant time and expense in preparing for a deposition that cannot go forward because of the Trial Court's ruling on the pending Motion.

Given the uncertainty caused by the pending Motion, CPS seeks the Court's intervention to protect it from unnecessary burden and expense until the Trial Court determines whether this deposition is proper in the underlying case and whether it should proceed. Without this

US2000 9463668.1 55588-329765

guidance, CPS is placed in an untenable position of having to consume its resources to review substantial documents, prepare witnesses to speak on its behalf and ultimately provide testimony while the issue of whether the subpoena is proper remains to be determined by the Trial Court.

## CONCLUSION

For the reasons discussed above, CPS, a non-party, respectfully requests this Court to quash the Subpoena because (1) the Subpoena is overbroad, imposes undue burden on non-party CPS, and seeks privileged and confidential information; and (2) Magtek's Motion for Protective Order seeking to prevent this deposition from going forward is pending before the Trial Court creating uncertainty as to whether the Subpoena is proper.

Respectfully submitted, this the 23rd day of August, 2006.

*/s/ William*

Steven Gardner
NC Bar No. 12137
E. Danielle Thompson Williams
NC Bar No. 23283
Bret T. Winterle
NC Bar No. 32051

1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

Attorneys for Non-Party Creative Payment Solutions, Inc.

6

US2000 9463668.1 55588-329765

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena on Plaintiff's counsel of record by electronic mail and by Federal Express, addressed as follows:

| | |
|---|---|
| Anthony Bruster, Esq.<br>Richard B. King, Esq.<br>Nix Patterson & Roach, L.L.P.<br>2900 St. Michael Dr., 5th Floor<br>Texarkana, TX 75503 | akbruster@nixlawfirm.com<br>benking@nixlawfirm.com |
| David A. Dillard, Esq.<br>Christie, Parker & Hale, LLP<br>350 West Colorado Blvd., Suite 500<br>P.O. Box 7068<br>Pasadena, CA 91109-7068 | david.dillard@cph.com |

This 23rd day of August, 2006.

*[signature]*

E. Danielle Thompson Williams

Attorney for Non-Party Creative Payment Solutions, Inc.