# EXHIBIT A



# NIX PATTERSON & ROACH, LLP

Anthony K. Bruster
*Licensed in Arkansas, Louisiana, New Mexico & Texas*

August 2, 2006

RECEIVED
AUG 7 REC'D
LEGAL DEPARTMENT

**VIA PROCESS SERVER**

Creative Payment Solutions, Inc.
c/o Patricia Oliver
200 W. Second Street, 3rd Floor
Winston Salem, NC 27101-4036

      Re:   DataTreasury Corporation v. MagTek, Inc.
            Civil Action No. 2:03CV459

Dear Ms. Oliver:

    Enclosed please find a Subpoena Duces Tecum and a Notice of Intention to Take Oral and Video Deposition for Creative Payment Solutions, Inc. These documents are being served upon you as the registered agent for service of process of Creative Payment Solutions, Inc.

    Should you have any questions, do not hesitate to contact my office.

Very truly yours,

Anthony Bruster

:dp
Enclosures

2900 St. Michael Drive, Suite 500 • Texarkana, TX 75503 • (903) 223-3999 • (903) 223-8520 Fax

Daingerfield, TX • (903) 645-7333 • Shreveport, LA • (318) 425-9255

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| | § | Civil Action No. |
| VS. | § | 2:03CV459 |
| | § | |
| MAGTEK, INC. f/k/a MAG-TEK, INC. | § | |
| *DEFENDANTS* | § | |

## AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION OF A 30(b)(6) REPRESENTATIVE OF CREATIVE PAYMENT SOLUTIONS, INC.

In accordance with the Federal Rules of Civil Procedure, please take notice that Plaintiff will take the 30(b)(6) deposition of a representative of Creative Payment Solutions, Inc. Said deposition will commence at 10:00 a.m. on Tuesday, August 23, 2006 at the Hampton Inn, 1990 Hampton Inn Court, Winston Salem, North Carolina, and is to be used for all purposes allowed by the Federal Rules of Civil Procedure including use as an evidentiary deposition at the time of trial. The witness will be examined on the topic areas in the attached Exhibit A.

Said deposition will be reported by a duly authorized court reporter, certified videographer, and will be offered via live web feed with livenotes and instant messaging. You are invited to attend and cross-examine the witness. The depositions will be conducted before an officer authorized to administer oaths and will continue from day-to-day, weekends and legal holidays excluded, until completed, or according to a Court-ordered schedule.

Respectfully Submitted,

_____
EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, Texas 75638
Telephone: 903.645.7333
Facsimile: 903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
NIX, PATTERSON & ROACH, LLP
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile: 903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
PROVOST UMPHREY, LLP
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile: 214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
THE COOPER LAW FIRM
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone: 972.831.1188
Facsimile: 972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile: 903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
LAW OFFICES OF T. JOHN WARD, JR. PC
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile: 903.757-2323

ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 2nd day of August, 2006 via electronic transmission.

| | |
|---|---|
| Otis Carroll | fedserv@icklaw.com |
| Wesley Hill | |
| David A. Dillard | david.dillard@cph.com |

_____
ANTHONY BRUSTER

# EXHIBIT B

## DUCES TECUM

### INSTRUCTIONS AND DEFINITIONS

1. Deponent shall identify, with respect to each document request, whether any documents responsive to the request exist; whether such documents will be produced by Deponent; when and where the documents will be produced, if different from time and place specified herein; and where such documents are usually kept.

2. The scope, definitions, and instructions applicable to these discovery requests are coextensive with the applicable sections of the Federal Rules of Civil Procedure. Accordingly, each discovery request requires the production of information to the fullest extent permitted under the Federal Rules of Civil Procedure. Nothing herein shall be construed to exceed the applicable sections of the Federal Rules of Civil Procedure.

3. As used herein, "DataTreasury" means DataTreasury Corporation and its present and former officers, employees, agents, consultants, in-house and outside counsel, representatives, and other persons under its control, regardless of their affiliation, and includes joint ventures, subsidiaries, divisions, and other legal entities that are wholly or partially owned or controlled by DataTreasury, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of such DataTreasury divisions, subsidiaries, owned or controlled entities and/or joint ventures.

4. As used herein, the term "Deponent," "you," or "your" includes, you, your office, your business, your employees, your representatives, and anyone acting on your behalf.

5. As used herein, Creative Payment Solutions is defined as Creative Payment Solutions, Inc. and any and all other subsidiary or related entity.

6. As used herein, "communication" and "communications" shall mean any conversation, discussion, letter, memorandum, note, e-mail, voice mail, or other transfer of information, whether written, oral, electronic, or by any other means, and includes any document or other medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication, whether occurring at meetings or otherwise.

7. "Document" or "documents" as used herein shall mean every form of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing as contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure. Every draft or non-identical copy of a document is a separate document as that term is used herein.

8. "Relating to" a given subject matter shall be construed to mean embodying, comprising, referring to, constituting, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter.

9. The connections "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, so as to give each request the broadest possible interpretation and scope.

10. If a request calls for the production of a document as to which you claim any privilege or any other ground for withholding or otherwise failing to produce any requested document, please provide, at the time at which the other documents are produced, a log which, separately for each document not produced, sets forth: (1) the identity of the author thereof, the parties thereto, and any person who helped in the preparation of the document; (2) the title or other identifying data sufficient to describe the document for purposes of a subpoena duces tecum; (3) the date of the document, or if no data appears thereon, the approximate date; (4) the identity of each person to whom the document, or any copy thereof, was transmitted, shown, or disclosed by any entity; (5) the identity and location of each person having or last having possession, care, custody, or control of the document and each of any copies thereof; (6) the purpose for which the document was prepared; (7) the non-privileged contents of the documents, if any portion thereof is not subject to a claim of privilege; and (8) each and every fact or basis on which you claim such a privilege or ground for your refusal to produce, in such detail as would be required to test the claim of privilege on a motion to compel.

11. In producing the documents and writings requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of documents produced from a given file or photographic or electrostatic duplicate of all written or printed material on the original file folder. In addition, the documents shall be produced in the same sequence as they are contained or found in the original file folder. The