# EXHIBIT B

Dockets.Justia.com



**KILPATRICK STOCKTON LLP**
Attorneys at Law

1001 West Fourth St.
Winston-Salem NC 27101-2400
t 336 607 7300 f 336 607 7500
www.KilpatrickStockton.com

E. Danielle Thompson Williams
direct dial 336 607 7306
direct fax 336 734 2616
DTWilliams@KilpatrickStockton.com

August 11, 2006

**VIA E-MAIL**

Anthony K. Bruster, Esq.
Nix Patterson & Roach, L.L.P.
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503

Re: *DataTreasury Corporation v. MagTek, Inc.*
 *E.D. Tex., Case No. 2:03-CV-459*

Dear Mr. Bruster:

Please be advised that this firm represents Creative Payment Solutions, Inc. ("CPS"). CPS received DataTreasury Corporation's ("DTC") "Amended Notice of Intention to Take Oral and Video Deposition of a 30(b)(6) Representative of Creative Payment Solutions, Inc." ("Notice") on August 7, 2006. Based on the deficiencies and objections listed below, the Notice does not compel CPS to provide documents or a representative for deposition on August 23, 2006, and therefore, CPS will not comply with the Notice.

Deficiencies and Objections

1. CPS only received the Notice. Since CPS is not a party to the above-referenced action, DTC should have served a subpoena issued from the appropriate federal district within North Carolina with the Notice. Without the subpoena, the Notice does not compel CPS to appear for a deposition or to produce documents.

2. The Notice was not properly served on CPS' registered agent, officer or employee. The North Carolina Secretary of State's Corporations Database will provide you with the correct registered agent information.

3. The Notice does not provide the requisite list of matters which the deposition will cover as required under Fed. R. Civ. P. 30(b)(6). The Notice states that "[t]he witness

Anthony K. Bruster, Esq.
August 11, 2006
Page 2

will be examined on the topic areas in the attached Exhibit A" but no such exhibit was attached.

4. The Notice did not include a witness fee or a mileage fee as required under Fed. R. Civ. P. 45(b)(1).

5. MagTek has filed a Motion for Protective Order seeking to prevent the CPS deposition from taking place. CPS will await the decision from the Court for the Eastern District of Texas before agreeing to proceed with any deposition, assuming that the technical defects are corrected and service of a subpoena and notice is properly effected. Moreover, the subpoena purportedly issued to CPS (but never served on CPS) that is attached to MagTek's Motion for Protective Order is also defective in that it seeks to compel CPS, a non-party, to appear for a deposition more than 100 miles from the place where any potential Fed. R. Civ. P. 30(b)(6) deponent resides or is employed in violation of Fed. R. Civ. P. 45(c)(3)(A)(ii). This basis alone excuses CPS from obeying the subpoena, had it been properly served. Fed. R. Civ. P. Rule 45(e). In addition, the subpoena fails to comply with Fed. R. Civ. P. 45(a)(2)(B) because it purports to issue from the Eastern District of North Carolina and to seek a deposition in Winston-Salem, North Carolina which location is outside the Eastern District.

6. The Notice seeks information and other materials that are protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine or immunity.

7. The Notice seeks disclosure of proprietary, sensitive, and/or confidential business information without adequate protection therefor.

8. The Notice is overly broad, vague and unduly burdensome.

9. The definition of "Creative Payment Solutions" in Exhibit B encompasses entities that are distinct from Creative Payment Solutions, Inc. and that are not distinctly identified as entities to which the Notice applies.

10. The Instructions and Definitions in Exhibit B exceed the requirements imposed on third parties in general and CPS in particular by Fed. R. Civ. P. 45.

11. The Notice seeks information and the production of documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

US2000 9445453.1 55588-329765

Case 1:06-mc-00075-UA-PTS   Document 2-3   Filed 08/23/2006   Page 3 of 4

12. The Definitions in Exhibit B seek to define terms not in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Middle or Eastern Districts of North Carolina.

13. The Instructions in Exhibit B attempt to impose on CPS an obligation to supplement its responses in a manner that is inconsistent with CPS' obligations under Fed. R. Civ. P. 45.

14. CPS objects to the deposition and the production of documents at any location other than the offices of its counsel, Kilpatrick Stockton.

Given these deficiencies and objections, I expect that DTC will withdraw the Notice immediately. Please advise of your intentions at your earliest convenience and no later than August 16, 2006.

Sincerely,

E. Danielle Thompson Williams

cc: William H. Boice, Esq.
Audra A. Dial, Esq.
Mr. Bruce Nelson
David A. Dillard, Esq. (david.dillard@cph.com)
Brian K. Brookey, Esq. (brian.brookey@cph.com)