# EXHIBIT C

Dockets.Justia.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORP.<br>Plaintiff,<br>vs.<br>MAGTEK, INC.<br>Defendant. | Case No. No. 2-03CV-459 (DF) |

**DEFENDANT MAGTEK, INC.'S MOTION FOR PROTECTIVE ORDER**

Defendant MagTek, Inc. ("MagTek") moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order preventing Plaintiff Datatreasury Corp. ("DTC") from taking the depositions of Shekar Viswanathan and Creative Payment Solutions, Inc., or any further depositions not agreed to in writing by MagTek. This motion is supported by the following Brief in Support, the Declaration of Brian K. Brookey ("Brookey Dec."), and the contents of the Court's file to date.

**BRIEF IN SUPPORT**

## I. BACKGROUND

DTC has far exceeded the 10-deposition limit of Federal Rule of Civil Procedure ("Rule") 30(a)(2)(A), scheduling some 26 depositions. (Brookey Dec. ¶ 2.) A substantial number of these depositions are of Magtek's customers. (Id.) Although DTC acknowledged in the parties' joint Rule 26(f) report that it did not anticipate needing to take more than ten depositions, DTC apparently changed its mind. (Id. ¶ 3.) MagTek has attempted to cooperate with DTC in permitting some of the extra depositions to go forward, but DTC now has gone too far. (Id. ¶ 4.)

On July 27, 2006, counsel for MagTek sent counsel for DTC a letter pointing out the

large number of depositions but permitting certain specific depositions to proceed so long as DTC agreed that no further depositions would be taken. (Id. ¶ 4, Exh. 1.) DTC refused to accept MagTek's condition, agreeing only that the total number of depositions would remain the same, but indicating that it might simply "switch out" previously noticed depositions for new ones. (Id. ¶ 6, Exh. 2.) MagTek warned DTC that if DTC attempted to take more or different depositions, MagTek would seek judicial intervention. (Id. ¶¶ 4, 8, Exhs. 1, 7.)

DTC nonetheless is now attempting to take two depositions to which MagTek never agreed, and that again are not permitted absent such an agreement (or a prior Court order) in light of the numerous depositions DTC already has taken. Specifically, DTC now intends to depose an individual named Shekar Viswanathan and Creative Payment Solutions, Inc. (Id. ¶ 7, Exhs. 3-6.) These depositions are scheduled to take place in Duluth, Georgia and Winston-Salem, North Carolina, respectively.[1] (Id.) These new depositions are impermissible under the Federal Rules, and DTC's pattern of subpoenaing third parties, withdrawing the subpoenas, and subpoenaing new parties harasses those third parties and wreaks havoc with counsel's trial preparation. Therefore, the Court should issue an order prohibiting these tactics, and specifically prohibiting DTC from proceeding with the Viswanathan and Creative Payment depositions.

## II. DTC HAS NO AUTHORITY TO TAKE THESE OR ANY FURTHER DEPOSITIONS

Rule 30(a)(2)(A) was promulgated in 1993 "to enable the courts to maintain a 'tighter rein' on the discovery process." *Boyer v. Gildea*, No. 1:05-CV-129, 2005 U.S. Dist. LEXIS 10726, at *3 (N.D. Ind. June 2, 2005) (quoting *Whittingham v. Amherst College*, 163 F.R.D. 170 (D. Mass. 1995)). Specifically, it "was enacted to control discovery costs and prevent harassment or undue delay." *Commodity Futures Trading Comm'n v. Commodity Inv. Group, Inc.*, No. 05 Civ. 5741, 2005 U.S. Dist. LEXIS 27454, at *3 (S.D.N.Y. Nov. 10, 2005). Under the Rule, a

[1] The Creative Payments deposition is scheduled for August 23, 2006, the same day as an expert deposition in this matter. DTC noticed Mr. Viswanathan's deposition for August 16, but it appears that Mr. Viswanathan may not be available on that date.

party desiring to take more than ten depositions may do so only in one of two ways: obtain a written stipulation from the other side, or obtain leave of court:

> A party must obtain leave of court … if, without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third party defendants.

Rule 30(a)(2); *see also Reino de Espana v. Am. Bureau of Shipping, Inc.*, No. 03 Civ. 3573, 2006 U.S. Dist. LEXIS 51808, at *4-*5 (S.D.N.Y. July 27, 2006). As to the two subject depositions of this Motion, DTC has done neither of these things, and is therefore absolutely forbidden by the Rule from taking these depositions.

DTC's failure to timely pursue the avenues provided by Rule 30(a)(2)(A) should itself mandate the end of any further depositions. The mechanism provided by the Rule has always been available to DTC. Yet, in the face of MagTek's explicit refusal to permit further depositions, DTC did not, prior to noticing depositions and issuing subpoenas, ask for leave of this Court to proceed. The Rule does not provide for *nunc pro tunc* leave; it was incumbent upon DTC to secure the necessary leave *before* noticing new depositions. "[T]he provisions of Rule 30(a)(2)(A), Fed. R. Civ. P., require that, in the absence of a stipulation, a party seeking to take more than ten depositions must *explicitly* seek and obtain leave of court *before* that party can commence any depositions in excess of the ten-depositions limit." *Advanced Sterilization Prods. v. Jacob*, 190 F.R.D. 284, 286, 287 (D. Mass. 2000) (second emphasis added) (party failing to obtain prior leave prohibited from taking excess deposition not yet taken; other party offered costs and attorneys' fees for two excess depositions already taken). Having failed to take prompt, affirmative action, and in fact having to date *never* asked for such leave, all of DTC's further deposition activity must cease.

## III. THERE IS NO JUSTIFICATION FOR THESE OR ANY FURTHER HARASSING DEPOSITIONS

It can be expected that DTC may, much belatedly in response to the present Motion, turn

to the other avenue provided by Rule 30(a)(2)(A), leave of this Court, in an attempt to continue noticing (and presumably canceling) depositions. Grant of such leave, however, would be unfair and unwise. Beyond DTC's failure to comply with the procedures of the Rule, it has become clear DTC primarily seeks to raise the specter of a looming deposition (even where it has no intention of taking the deposition) before as many third parties as possible for its burdening effects. This can be seen most clearly in the fact that DTC has begun to cancel depositions when their dates come near. (Brookey Dec. ¶ 5.) This has been seen with ScanSource, Nimax, and Telpar, all of them noticed and subpoenaed, but at the last minute none deposed. (Id.) It appears DTC does not particularly want or need to actually take any of these depositions, but merely wants to threaten the maximum number of third parties before canceling the scheduled depositions and moving on.

Rule 30(a)(2)(A) provides that leave of court to conduct excess depositions "be granted to the extent consistent with the principles stated in Rule 26(b)(2)." That Rule in turn provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 26(b)(2). Thus, leave of court under Rule 30(a)(2)(A) "is inappropriate where the judge determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily attainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Reino De Espana*, 2006 U.S. Dist. LEXIS 51808, at *5 (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)) (internal quotation omitted).

Here, additional depositions of more third parties would be unduly harassing, and in fact

that harassment seems to be DTC's primary goal. Moreover, the burden on MagTek is magnified because MagTek must attend to dozens of depositions around the country while attempting to prepare for a trial now less than two months away. The imminent approach of that trial was in fact DTC's desire. At the claim construction hearing held by this Court on June 8, 2006, when counsel for MagTek suggested that next March might be a better date for a trial, counsel for DTC insisted on maintaining the October date instead, basing its request on how much discovery it had already taken:

> MR. HOHN: A brief response, Your Honor. Judge, discovery is well underway in this case and we're looking forward to trying this case in October. There's a one-term claim construction that needs to be done here. We will make every effort to agree on the October trial setting , but we have done a bunch of discovery, they have done a bunch of discovery. They've had access to all the discovery in the other cases. They're working under a joint defense agreement with all defense counsel and we would like to keep that October trial date.

(Brookey Dec. Exh. 8, at 35:16 - 36:2.) DTC thus represented back in June that its discovery was then substantially complete, to such a point that an October trial was suitable. It certainly gave no indication that a flurry of further depositions was necessary, and it did not at that time ask the Court for leave under Rule 30(a)(2)(A) to take nearly triple the number of depositions to which it is entitled. *See Celgene Corp. v. Centocor, Inc.*, No. 03-5978, 2006 U.S. Dist. LEXIS 4763, at *4-*5 (E.D. Pa. Feb. 8, 2006) (plaintiff faulted who was aware it was approaching ten-deposition limit but failed to exploit ample prior opportunity to ask leave of court). The burden is all the more unjustifiable given that it was unnecessary for DTC to leave all this discovery until the very end. For example, DTC knew about Mr. Viswanathan long ago, but did nothing about him until a few days ago. (Brookey Dec. ¶ 10.)

"In practical terms, a party seeking leave to take more depositions ... than are contemplated by the Federal Rules ... must make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Svcs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999) (citing *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996)). DTC cannot make this particularized showing of necessity, nor that the additional discovery is of particular value, nor

even that it would be other than unreasonably cumulative and duplicative of what DTC has already acquired and long ago assured this Court was sufficient. *See id.* at 587 (merely stating broadly the relevance of additional deponents insufficient without "showing that each of the deponents is *essential* to its discovery, and is not merely a replication of discovery" obtainable within allocated limits [emphasis added]); *Reino de Espana*, 2006 U.S. Dist. LEXIS 51808, at *6-*7 (approving magistrate's ruling that additional depositions would be approved only if more important than previous depositions taken within prior limit). Even without DTC's violation of Rule 30(a)(2)(A), even without DTC's subpoena-then-cancel tactics, needlessly prolonging duplicative discovery is itself harassment, and mandates the court's intervention. *See In re TMT Trailer Ferry, Inc.*, 434 F.2d 804, 807 (5th Cir. 1970) (where additional depositions were substantially duplicative and unnecessary, "[a] protective order should have been issued by the District Judge to prevent undue harassment").

## IV. CONCLUSION

DTC has never sought leave of Court to take more than ten depositions, and when MagTek attempted to work out a compromise with DTC on this issue, DTC rebuffed MagTek's efforts. Accordingly, MagTek respectfully requests that this Court issue a protective order prohibiting DTC from conducting the Viswanathan or Creative Payment Solutions depositions and from noticing any further depositions.

DATED: August 10, 2006

Respectfully submitted,

By /s/ Brian K. Brookey (by permission Wesley Hill
Brian K. Brookey (CA Bar No. 149522)

CHRISTIE, PARKER & HALE, LLP
350 West Colorado Blvd., Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Phn: (626) 795-9900

Fax: 626-577-8800

Otis Carroll
Texas Bar No. 03895700
Wesley Hill
Texas Bar No. 24032294
IRELAND CARROLL & KELLEY, P.C.
6101 South Broadway Ave., Ste. 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Attorneys for Defendant,
MAGTEK, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 10th day of August, 2006.

/s/ Brian K. Brookey

**CERTIFICATE OF CONFERENCE**

The undersigned counsel hereby certifies that counsel has conferred with opposing counsel in a good faith attempt to resolve the matter without court intervention. The present motion is opposed.

/s/ Brian K. Brookey

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DATATREASURY CORP.

Plaintiff(s),

vs.

MAGTEK, INC.

Defendant(s).

Case No. No. 2-03CV-459 (DF)

**DECLARATION OF BRIAN K. BROOKEY IN SUPPORT OF DEFENDANT MAGTEK, INC.'S MOTION FOR PROTECTIVE ORDER**

I, Brian K. Brookey, declare:

1. I am an attorney with Christie, Parker & Hale, LLP, counsel of record for Defendant MagTek, Inc. ("MagTek"). I make this declaration of my personal knowledge, and if called as a witness could testify competently to the following facts.

2. Plaintiff Datatreasury Corp. ("DTC") has noticed 26 depositions in this action. These include These include twelve depositions of MagTek and its employees, ten depositions of third parties, and four expert depositions.

3. DTC never indicated to MagTek during the Rule 26(f) conference and never indicated to the Court in the Rule 26 joint conference report that DTC desired to take more than ten depositions.

4. On July 27, 2006, I sent a letter to Mr. Hohn, counsel for DTC, indicating MagTek's willingness to allow certain depositions to proceed despite their exceeding the ten-deposition limit of Federal Rule of Civil Procedure 30(a)(2)(A), so long as DTC agreed not to take any other depositions. A copy of this letter is attached as Exhibit 1.

5. Among the originally-noticed depositions were those of third parties ScanSource, Nimax, and Telpar. As the dates for these depositions grew near, Datatreasury canceled each of them, and these depositions were not held.

6. On July 28, 2006, I received an E-mail message from DTC's counsel proposing that DTC be allowed to schedule additional depositions so long as DTC canceled an equal number of depositions. That same day I returned an E-mail message to him refusing that proposal, and reiterating MagTek's demand that DTC schedule no new depositions. On July 31, 2006, I received another E-mail message from DTC's counsel re-urging DTC's proposal to allow DTC free reign to notice and cancel depositions. A copy of this exchange of E-mail messages is attached as Exhibit 2.

7. On August 2, 2006, DTC noticed the depositions of Shekar Viswanathan and Creative Payment Solutions, Inc. Copies of the notice and subpoena for Shekar Viswanathan are attached as Exhibits 3 and 4, respectively. Copies of the notice and subpoena for Creative Payment Solutions, Inc. are attached as Exhibits 5 and 6, respectively.

8. On August 3, 2006, David Dillard of my office sent a letter to counsel for DTC again rejecting DTC's proposal allowing free scheduling and canceling of depositions, and warning DTC that the present Motion would be filed if DTC persisted in scheduling additional depositions. A copy of this letter is attached as Exhibit 7.

9. Attached as Exhibit 8 is a copy of a relevant portion of the transcript of the Court's claim construction hearing conducted on June 8, 2006.

10. DTC had been informed of the identify of Mr. Viswanathan long before it noticed his deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration is executed on August 10, 2006, in Pasadena, California.

Brian K. Brookey



PASADENA OFFICE
350 W. Colorado Blvd., Suite 500
Pasadena, CA 91105
Post Office Box 7068
Pasadena, CA 91109-7068
E-mail: info@cph.com
Tel: (626) 795-9900 · Fax: (626) 577-8800

James B. Christie (1904-1959)
Robert L. Parker (1920-1980)
C. Russell Hale (1916-2004)

D. Bruce Prout
Walter G. Maxwell
David A. Dillard
Thomas J. Daly
Edward R. Schwartz
John D. Carpenter
Wesley W. Monroe
David A. Plumley
Gregory S. Lampert
Mark Garscia
Syed A. Hasan
Robert A. Green
Howard A. Kroll
Richard A. Wallen
Michael J. MacDermott
Anne Wang
Constantine Marantidis
Daniel M. Cavanagh
Gary J. Nelson
Francis G. Rushford
Raymond R. Tabandeh
Daniel R. Kimbell
Josephine E. Chang
Joel A. Kauth
Gary S. Dukarich
Jun-Young E. Jeon
Brian K. Brookey
Tom H. Dao
John W. Peck, Ph.D.
David J. Steele
David J. Bailey
Rose A. Hickman
Oliver S. Bajracharya
Lauren E. Schneider
Peter C. Hsueh
Michael S. Guntersdorfer
Fariba Sirjani
Deidra D. Ritcherson*
Robert P. Auerbach**
Saeid Mirsafian, Ph.D.*
Christopher C. Smith
Andrew D. Sitzer
Gabriel Fitch

Of Counsel
R. William Johnston
Hayden A. Carney
Richard J. Ward, Jr.
Russell R. Palmer, Jr.
LeRoy T. Rahn
Richard D. Seibel
William P. Christie
Richard J. Paciulan***

*Admitted only in IL
**Admitted only in TX
***Admitted only in MA

**By email transmittal with confirmation by mail**

July 27, 2006

Edward L. Hohn, Esq.
NIX, PATTERSON & ROACH, L.L.P.
205 Linda Drive
P.O. Box 679
Daingerfield, Texas 75638

**Re:** ***DataTreasury Corp. v. MagTek, Inc.***
**CPH Ref. M743:100.1**

Dear Ed:

Your latest deposition notice brings to 26 the number of depositions DTC is seeking to take in this case. These include twelve depositions of MagTek and its employees, ten depositions of third parties, and four expert depositions. As you know, Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure limits each side to just ten depositions, and a party seeking to take more must obtain leave of Court to do so. DTC has never sought permission to take more than 10 depositions, and in the parties' Joint Conference Report DTC indicated that it was not seeking to change any discovery limitations imposed by the rules (with the exception of the numerical limitation on interrogatories).

We have been very patient with DTC, and we have no objection to excluding both parties' expert depositions from the 10-deposition limit. However, we cannot accept DTC's continued flouting of the Federal Rules of Civil Procedure. This is especially true given that trial is set to commence in just over two months. There simply is not sufficient time to engage in dozens of depositions while at the same time preparing for trial. In fact, we are concerned that DTC's violation of Rule 30(a)(2)(A) very well may be designed to prejudice MagTek's trial preparation.

We do not object to the four Citibank depositions scheduled for next week. We also will permit DTC to take the previously noticed deposition of Larry Meyers and the third party depositions of The Money Box, Telpar, Nimax, Ameracash, and ScanSource. DTC may also conduct expert depositions. However, we do object to

Edward L. Hohn, Esq.
NIX, PATTERSON & ROACH, L.L.P.
July 27, 2006
Page 2

the most recently noticed depositions of Lou Struett and Ingram Micro, Inc., and to any other depositions DTC may plan to take.

Please confirm by Monday, July 31 that you will not attempt to proceed with the depositions of Mr. Struett and Ingram Micro, and will not seek to take additional depositions. Otherwise, we will file a motion for protective order seeking to prevent the excess depositions DTC has noticed.

Thank you for your cooperation. We look forward to hearing from you soon.

Sincerely,

Brian K. Brookey

BKB PAS693234.1-*-07/27/06 5:31 PM

CHRISTIE | PARKER | HALE LLP
Leaders in Intellectual Property Law & Complex Litigation

**From:** Anthony Bruster [mailto:akbruster@nixlawfirm.com]
**Sent:** Monday, July 31, 2006 10:54 AM
**To:** 'Brian Brookey'
**Cc:** 'datatreasury@cooperiplaw.com'
**Subject:** RE: Message re: DTC v. MagTek depos

Brian:
My proposal didn't envision "last minute" changes to the schedule. DTC will notify you at least one week in advance, and probably more, of any changes. We have to make travel plans too, so don't worry, we don't want to mix it up at the last minute.
Again, DTC will agree not to take any more total depositions than MagTek has already agreed to; if the entities change, you'll know with plenty of notice. All we ask is that you drop your objection to one further deposition – Struett. (The Ingram Micro depo shouldn't be an issue; as set forth in my previous letter, that's just a replacement subpoena to Nimax, which will not be occurring despite ya'll previously agreeing to allow it).
Please confer with local counsel and let us know whether we can reach agreement on this.
Thanks
AKB

---

**From:** Brian Brookey [mailto:Brian.Brookey@cph.com]
**Sent:** Friday, July 28, 2006 7:00 PM
**To:** akbruster@nixlawfirm.com
**Cc:** datatreasury@cooperiplaw.com
**Subject:** RE: Message re: DTC v. MagTek depos

Anthony --

Your proposal does not work for us. As you know, the depositions are taking place all over the country, and last-minute substitutions of previously noticed deponents could make it difficult to attend (e.g., if a location were changed from Los Angeles to Minneapolis due to a last-minute change in deponent). Therefore, we need to stick with our original request that you not seek to take any additional depositions. If you want to take fewer depositions because companies you have subpoenaed "fall out," that is fine. But we can't accept the type of uncertainty your proposal would necessarily entail.

Again, please let us know if your client is willing to agree not to take any depositions other than those we identified in my letter of July 27. If so, then we can discuss with MagTek the possibility of allowing the Ingram Micro and Struett depositions to proceed.

I remain hopeful that we can work this out, and look forward to your response.

Brian


Brian K. Brookey
Christie, Parker & Hale LLP
(626) 683-4524
brian.brookey@cph.com

-----Original Message-----
**From:** Anthony Bruster [mailto:akbruster@nixlawfirm.com]
**Sent:** Friday, July 28, 2006 2:07 PM
**To:** Brian Brookey; David Dillard
**Cc:** datatreasury@cooperiplaw.com
**Subject:** Message re: DTC v. MagTek depos

Brian:

I got your message regarding my letter this morning. My understanding is that you just wanted confirmation that the depos discussed in our letters are the last depos that we will be noticing, and then you'd let us know on the Struett depo.

Although not quite what you are seeking, I believe this is equivalent – I can confirm that the total number of depos discussed will be all that DTC will seek in this case on the '988 and '137 patents. For example, instead of being able to confirm that all the depos listed in the letter will be all the depos we seek – if we find out that one of the entities we have subpoenaed won't be giving a deposition for whatever reason, we will substitute in a proper entity. (For example, as I explained in this morning's letter, we are substituting Ingram Micro in the place of Nimax). Thus, if other companies we have subpoenaed fall out, we will replace them with a different one – but all without enlarging the total number of depositions from what the parties have already agreed to.

That's a long way of saying we won't take any more depositions than the total number agreed to – they just might end up being different entities. Let me know if ya'll can agree with this under the terms of my previous letter today and we'll put this issue to bed.

Thanks
AKB

Anthony K. Bruster
Nix, Patterson & Roach LLP
2900 St. Michael Drive, 5th Floor
Texarkana, TX 75503
Phone: (903) 223-3999
Fax: (903) 223-8520
Email: akbruster@nixlawfirm.com
Web: www.nixlawfirm.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | § | |
| *PLAINTIFF* | § | |
| | § | **Civil Action No.** |
| **VS.** | § | **2:03CV459** |
| | § | |
| **MAGTEK, INC. f/k/a MAG-TEK, INC.** | § | |
| *DEFENDANTS* | § | |

**NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION OF SHEKAR VISWANATHAN**

In accordance with the Federal Rules of Civil Procedure, please take notice that Plaintiff will take the deposition of Shekar Viswanathan. Said deposition will commence at 10:00 a.m. on Wednesday, August 16, 2006 at the Hilton Garden Inn, Johns Creek, 11695 Medlock Bridge Road, Duluth, Georgia, and is to be used for all purposes allowed by the Federal Rules of Civil Procedure including use as an evidentiary deposition at the time of trial.

Said deposition will be reported by a duly authorized court reporter, certified videographer, and will be offered via live web feed with livenotes and instant messaging. You are invited to attend and cross-examine the witness. The depositions will be conducted before an officer authorized to administer oaths and will continue from day-to-day, weekends and legal holidays excluded, until completed, or according to a Court-ordered schedule.

Respectfully Submitted,

[signature]

EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
Telephone: 903.645.7333
Facsimile: 903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile: 903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile: 214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone: 972.831.1188
Facsimile: 972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile: 903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD, JR. PC**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile: 903.757-2323

**ATTORNEYS FOR PLAINTIFF DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 2nd day of August, 2006 via electronic transmission.

Otis Carroll — fedserv@icklaw.com
Wesley Hill
David A. Dillard — david.dillard@cph.com

ANTHONY BRUSTER

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

DataTreasury Corporation
V.
MagTek, Inc. f/k/a Mag-Tek, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number: 2:03CV459
(Eastern District of Texas)

TO: Mr. Shekar Viswanathan
c/o VSoft Corporation
6455 East Johns Crossing, Suite 450
Duluth, GA 30097

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attached Notice of Intention to Take Oral and Video Deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hilton Garden Inn, Johns Creek, 11695 Medlock Bridge Road, Duluth, GA | August 16, 2006 10:00 a.m. EST |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Attached as Exhibit "A" Duces Tecum: Copies of these documents are to be delivered to the Hilton Garden Inn in a box labeled for Guest, Nix, Patterson & Roach at the date and time listed below.

| PLACE | DATE AND TIME |
|---|---|
| Hilton Garden Inn, Johns Creek, 11695 Medlock Bridge Road, Duluth, GA | August 14, 2006 10:00 a.m. EST |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | August 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony K. Bruster
Nix, Patterson & Roach, LLP, 2900 St. Michael Drive, Suite 500, Texarkana, TX 75503
P: 903.223.3999

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/4/2006 | 6455 East Johns Crossing,Ste 450 Duluth Ga 30097 |
| | Shekar Viswanathan C/O VSoft Corporation | |

SERVED ON (PRINT NAME)
Shekar Viswanathan C/O VSoft Corporation

MANNER OF SERVICE
PERSONALLY

SERVED BY (PRINT NAME)
MARK MOORE

TITLE
PROCESS SERVER/OWNER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

on 8/4/2006
DATE

SIGNATURE OF SERVER
MARK MOORE

ADDRESS OF SERVER
3235 Satellite Blvd Bldg 400 Ste 300 Duluth GA 30096

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# RETURN OF SERVICE

**State of Georgia** **County of** **United States District Court**

**Case Number: 2:03CV459**

**Plaintiff:**
**DATA TREASURY CORPORATION**

**vs.**

**Defendant:**
**MAGTEK ,INC**

For:
Nix Patterson & Roach, LLP
2900 St. Michael Drive
Suite 500
Texarkana, TX 75503

Received by G.E.T. SERVED INC. on the 3rd day of August, 2006 at 3:35 pm to be served on **Shekar Viswanathan / C/O Vsoft Corporation, 6455 East Johns Crossing, Suite 450, Duluth, GA 30097.**

I, Mark Moore, do hereby affirm that on the **4th day of August, 2006 at 3:45 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Subpoena Duces Tecum and a Notice of Intention to take Oaral and Video Deposition** with the date and hour of service endorsed thereon by me, to: **Shekar Viswanathan** at the address of: **6455 East Johns Crossing Suite 450, Duluth, GA 30097**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**Mark Moore**
Process Server

**G.E.T. SERVED INC.**
**3235 Satellite Blvd**
**Bldg 400 Suite 300**
**Duluth, GA 30096**
**(877) 338-6787**
Our Job Serial Number: 2006000024

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9k

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | § | |
| ***PLAINTIFF*** | § | |
| | § | **Civil Action No.** |
| **VS.** | § | **2:03CV459** |
| | § | |
| **MAGTEK, INC. f/k/a MAG-TEK, INC.** | § | |
| ***DEFENDANTS*** | § | |

---

**NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION OF A 30(b)(6) REPRESENTATIVE OF CREATIVE PAYMENT SOLUTIONS, INC.**

---

In accordance with the Federal Rules of Civil Procedure, please take notice that Plaintiff will take the 30(b)(6) deposition of a representative of Creative Payment Solutions, Inc. Said deposition will commence at 10:00 a.m. on Tuesday, August 23, 2006 at the Hampton Inn, 5606 Lamm Road, Wilson, North Carolina, and is to be used for all purposes allowed by the Federal Rules of Civil Procedure including use as an evidentiary deposition at the time of trial. The witness will be examined on the topic areas in the attached Exhibit A.

Said deposition will be reported by a duly authorized court reporter, certified videographer, and will be offered via live web feed with livenotes and instant messaging. You are invited to attend and cross-examine the witness. The depositions will be conducted before an officer authorized to administer oaths and will continue from day-to-day, weekends and legal holidays excluded, until completed, or according to a Court-ordered schedule.

Respectfully Submitted,

EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
Telephone: 903.645.7333
Facsimile: 903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile: 903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile: 214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone: 972.831.1188
Facsimile: 972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile: 903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD, JR. PC**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile: 903.757-2323

**ATTORNEYS FOR PLAINTIFF DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 2nd day of August, 2006 via electronic transmission.

Otis Carroll — fedserv@icklaw.com
Wesley Hill
David A. Dillard — david.dillard@cph.com

ANTHONY BRUSTER

**EXHIBIT A**

**TOPIC AREAS TO BE DISCUSSED**

Creative Payment Solutions is defined as Creative Payment Solutions, Inc. and any and all other subsidiary or related entity.

"You" and "Deponent" includes, you, your office, your business, your employees, your representatives, and anyone acting on your behalf.

1. All communications with MagTek, Inc. regarding the following MagTek products: MICRimage, Excella, and Excella STX.

2. All communications with any other entities, specifically including Branch Banking & Trust Company, concerning the following MagTek products: MICRimage, Excella, and Excella STX.

3. The total volume of all MICRimage, Excella, and Excella STX devices that you have purchased or sold in the last three years.

4. The total revenue generated from the sales of all MICRimage, Excella, and Excella STX devices that you have sold in the last three years.

5. Your knowledge of the anticipated use of the MICRimage, Excella, and Excella STX devices at the time that you purchased or later resold those devices.

6. Any and all documents relating to the anticipated use of the MICRimage, Excella, and Excella STX devices at the time that you installed or tested those devices.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

DataTreasury Corporation
V.
MagTek, Inc. f/k/a Mag-Tek, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number: 2:03CV459
(Eastern District of Texas)

TO: Creative Payment Solutions, Inc.
c/o Patricia Oliver
200 W. Second Street, 3rd Floor
Winston Salem, NC 27101-4036

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attached Notice of Intention to Take Oral and Video Deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hampton Inn,1990 Hampton Inn Court, Winston Salem, NC | August 23, 2006 10:00 a.m. EST |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Attached as Exhibit "B" Duces Tecum
Copies of these documents are to be delivered to the Hampton Inn in a box labeled for Guest, Nix, Patterson & Roach at the date and time listed below.

| PLACE | DATE AND TIME |
|---|---|
| Hampton Inn, 1990 Hampton Inn Court, Winston Salem, NC | August 21, 2006 10:00 a.m. EST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | August 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony K. Bruster
Nix, Patterson & Roach, LLP, 2900 St. Michael Drive, Suite 500, Texarkana, TX 75503
P: 903.223.3999

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case CIVIL ACTION No. 2:03 CV 459

## PROOF OF SERVICE

| | DATE 8-7-06 | PLACE 200 W. SECOND ST., 3RD FLR, WINSTON-SALEM, N.C. 27101 |
|---|---|---|
| SERVED | | |

CREATIVE PAYMENT SOLUTIONS, INC., C/O PATRICIA OLIVER
SERVED ON (PRINT NAME) MANNER OF SERVICE

RICK COCHRAN, AUTHORIZED PERSON, RECEIVED SERVICE
SERVED BY (PRINT NAME) TITLE

STEVE MITCHELL PROCESS SERVER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on August 7, 2006
DATE

PATRICIA A. MITCHELL
NOTARY PUBLIC
GUILFORD COUNTY, N.C.
My Commission Expires 09-09-2009

Patricia A. Mitchell

Steve Mitchell
SIGNATURE OF SERVER

6806 Berwick Court
ADDRESS OF SERVER

Greensboro, NC 27410

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

DataTreasury Corporation
V.
MagTek, Inc. f/k/a Mag-Tek, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number: 2:03CV459
(Eastern District of Texas)

TO: Creative Payment Solutions, Inc.
c/o Patricia Oliver
200 W. Second Street, 3rd Floor
Winston Salem, NC 27101-4036

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attached Notice of Intention to Take Oral and Video Deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hampton Inn,1990 Hampton Inn Court, Winston Salem, NC | August 23, 2006 10:00 a.m. EST |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Attached as Exhibit "B" Duces Tecum
Copies of these documents are to be delivered to the Hampton Inn in a box labeled for Guest, Nix, Patterson & Roach at the date and time listed below.

| PLACE | DATE AND TIME |
|---|---|
| Hampton Inn, 1990 Hampton Inn Court, Winston Salem, NC | August 21, 2006 10:00 a.m. EST |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | August 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony K. Bruster
Nix, Patterson & Roach, LLP, 2900 St. Michael Drive, Suite 500, Texarkana, TX 75503
P: 903.223.3999

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case CIVIL ACTION No. 2:03 CV 459

## PROOF OF SERVICE

DATE 8-7-06 PLACE 200 W. SECOND ST., 3RD FLR, WINSTON-SALEM, N.C. 27101

SERVED CREATIVE PAYMENT SOLUTIONS, INC., c/o PATRICIA OLIVER

SERVED ON (PRINT NAME) MANNER OF SERVICE

RICK COCHRAN, AUTHORIZED PERSON, RECEIVED SERVICE

SERVED BY (PRINT NAME) TITLE

STEVE MITCHELL PROCESS SERVER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on August 7, 2006
DATE

PATRICIA A. MITCHELL
NOTARY PUBLIC
GUILFORD COUNTY, N.C.
My Commission Expires 09-09-2009

Patricia A. Mitchell

[signature]
SIGNATURE OF SERVER

6806 Renwick Court
ADDRESS OF SERVER

Greensboro, NC 27410

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Gary Dukarich**

**From:** Brian Brookey
**Sent:** Tuesday, August 08, 2006 11:32 AM
**To:** Gary Dukarich
**Subject:** FW: Message re: DTC v. MagTek depos

-----Original Message-----
**From:** Anthony Bruster [mailto:akbruster@nixlawfirm.com]
**Sent:** Monday, July 31, 2006 3:41 PM
**To:** akbruster@nixlawfirm.com; Brian Brookey
**Cc:** datatreasury@cooperiplaw.com; David Dillard
**Subject:** RE: Message re: DTC v. MagTek depos

Brian/David – have ya'll had a chance to consider my message below? We'd like to nail this issue down given the remaining tasks to be done. Please let us know.
Thanks
AKB

---

**From:** Anthony Bruster [mailto:akbruster@nixlawfirm.com]
**Sent:** Monday, July 31, 2006 10:54 AM
**To:** 'Brian Brookey'
**Cc:** 'datatreasury@cooperiplaw.com'
**Subject:** RE: Message re: DTC v. MagTek depos

Brian:
My proposal didn't envision "last minute" changes to the schedule. DTC will notify you at least one week in advance, and probably more, of any changes. We have to make travel plans too, so don't worry, we don't want to mix it up at the last minute.
Again, DTC will agree not to take any more total depositions than MagTek has already agreed to; if the entities change, you'll know with plenty of notice. All we ask is that you drop your objection to one further deposition – Struett. (The Ingram Micro depo shouldn't be an issue; as set forth in my previous letter, that's just a replacement subpoena to Nimax, which will not be occurring despite ya'll previously agreeing to allow it).
Please confer with local counsel and let us know whether we can reach agreement on this.
Thanks
AKB

---

**From:** Brian Brookey [mailto:Brian.Brookey@cph.com]
**Sent:** Friday, July 28, 2006 7:00 PM
**To:** akbruster@nixlawfirm.com
**Cc:** datatreasury@cooperiplaw.com
**Subject:** RE: Message re: DTC v. MagTek depos

Anthony --

Your proposal does not work for us. As you know, the depositions are taking place all over the country, and last-minute substitutions of previously noticed deponents could make it difficult to attend (e.g., if a location were changed from Los Angeles to Minneapolis due to a last-minute change in deponent). Therefore, we need to stick with our original request that you not seek to take any additional depositions. If you want to take fewer depositions because companies you have subpoenaed "fall out," that is fine. But we can't accept the type of uncertainty your proposal would necessarily entail.

Again, please let us know if your client is willing to agree not to take any depositions other than those we identified in my letter of July 27. If so, then we can discuss with MagTek the possibility of allowing the Ingram Micro and Struett depositions to proceed.

I remain hopeful that we can work this out, and look forward to your response.

Brian

Brian K. Brookey
Christie, Parker & Hale LLP
(626) 683-4524
brian.brookey@cph.com

-----Original Message-----
**From:** Anthony Bruster [mailto:akbruster@nixlawfirm.com]
**Sent:** Friday, July 28, 2006 2:07 PM
**To:** Brian Brookey; David Dillard
**Cc:** datatreasury@cooperiplaw.com
**Subject:** Message re: DTC v. MagTek depos

Brian:

I got your message regarding my letter this morning. My understanding is that you just wanted confirmation that the depos discussed in our letters are the last depos that we will be noticing, and then you'd let us know on the Struett depo.

Although not quite what you are seeking, I believe this is equivalent – I can confirm that the total number of depos discussed will be all that DTC will seek in this case on the '988 and '137 patents. For example, instead of being able to confirm that all the depos listed in the letter will be all the depos we seek – if we find out that one of the entities we have subpoenaed won't be giving a deposition for whatever reason, we will substitute in a proper entity. (For example, as I explained in this morning's letter, we are substituting Ingram Micro in the place of Nimax). Thus, if other companies we have subpoenaed fall out, we will replace them with a different one – but all without enlarging the total number of depositions from what the parties have already agreed to.

That's a long way of saying we won't take any more depositions than the total number agreed to – they just might end up being different entities. Let me know if ya'll can agree with this under the terms of my previous letter today and we'll put this issue to bed.

Thanks
AKB

Anthony K. Bruster
Nix, Patterson & Roach LLP
2900 St. Michael Drive, 5th Floor
Texarkana, TX 75503
Phone: (903) 223-3999
Fax: (903) 223-8520
Email: akbruster@nixlawfirm.com
Web: www.nixlawfirm.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION
CIVIL DOCKET FOR CASE NO. 2:05-CV-00290-DF

DATA TREASURY CORPORATION
VS.
VIEWPOINTE

---

APPEARANCES

FOR THE PLAINTIFF
DATA TREASURY CORPORATION:
EDWARD LEWIS HOHN
NIX, PATTERSON & ROACH, LLP
DAINGERFIELD
205 LINDA DRIVE
DAINGERFIELD, TX 75638

AND
ROD A. COOPER
THE COOPER LAW FIRM
545 E. JOHN CARPENTER FREEWAY
SUITE 1460
IRVING, TX 75062

FOR THE DEFENDANT MAGTEK:

2

DAVID A. DILLARD
CHRISTIE, PARKER, HALE, LLP

                          350 W. COLORADO BLVD, SUITE 500
PASADENA, CA 91105

AND
J. WESLEY HILL
IRELAND, CARROLL, KELLEY, P.C.
6101 S. BROADWAY
SUITE 500
TYLER, TX 75703

PAT WORKS, CCR NO. 334
STATE OF ARKANSAS
8501 THAMES AVENUE
TEXARKANA, TX 75503
(903) 838-3635

3

THE COURT: Ladies and gentlemen, call the schedule for the 10:00 o'clock hour.

THE CLERK: The court calls Civil Action No. 2-05-00290, Data Treasury Corporation versus Viewpointe.

THE COURT: Very well. Are the parties ready to go forward with claim construction?

construe image as being a bitmap image as opposed to a more general digital or image recorded in digital format, it would not be the same as Claim 27. In other words, there would be would no redundancy there. The other method claim was Claim 46 where we talked about it specifically recites capturing an image of documents and receipts. I mean the discussion, I think, that the magistrate had was regarding

the location of where that had to occur and not how it had to occur. Again, the only method of explaining how to capture an image was with the use of a scanner. Thank you, Your Honor.

THE COURT: Gentlemen, I appreciate your comments. I believe it would be helpful if you would order a copy of the transcript, share the cost. And I certainly will have -- make every effort to have an order out on this term by -- within the next few weeks. If there's nothing more -- Mr. Carter, do you have any comments to add today?

MR. CARTER: Nothing other than that, Your Honor.

MR. DILLARD: Since we're here, we have currently a October 10 trial date scheduled. Many of the dates going through the schedule are keyed on when we get the claim construction ruling, and some of those are pressed out 36 weeks. It may be even more such that it would

be difficult to make the October 10 deadline and I'm not even sure, if the parties agreed, we could fit everything into the schedule, but I was wondering if it might be possible to at least begin considering another -- well, unless

we want to keep the October 10 deadline which --

THE COURT:: Plaintiff -- have you had any discussion with the Plaintiff?

MR. DILLARD: No, we haven't, but what I was thinking of is if there was another date a few months --

THE COURT: My normal schedule for Marshall is October, March, and then Judge Ward's been kind enough to give me use of the Marshall courtroom the week of June 19th, so there might be some time between March and -- October and March, but not necessarily so.

MR. DILLARD: If we could schedule something in March.

MR. HOHN: A brief response, Your Honor. Judge, discovery is well underway in this case and we're looking forward to trying this case in October. There's a one-term claim construction that needs to be done here. We will make every effort to agree on the October trial setting, but we have done a bunch of discovery, they have done a bunch of discovery. They've had access to all the discovery in the other cases. They're working under a joint

defense agreement with all defense counsel and we would like to keep that October trial date.

THE COURT: Well, then let me just simply say that I'll have the construction out as quickly as possible and if the parties are unable to agree where that leaves you, then file the appropriate motion and I will consider it.

MR. DILLARD: Thank you, Your Honor.

THE COURT: I don't know what my October looks like at this time. That's obviously worlds away, so to speak. I don't know if I have -- my best guess is we have numerous cases, so I don't know how many we'll try and in what order, but that's my suggestion in view of perhaps a difference of opinion. We'll be in recess.

CERTIFICATE

I, Pat Works, Official Court Reporter for

the Ninth Judicial Circuit West of Arkansas, certify that I recorded the proceedings by shorthand machine recording in U.S. District Court, Eastern District of Texas, Marshall Division, No. 2:05-CV-00290-DF, Data Treasury Corporation vs. Viewpointe, on June 8, 2006, before the Honorable David Folsom in Texarkana, Texas; that said recording has been reduced to a transcription by me, and the foregoing pages constitute a true and correct transcript of the proceedings held to the best of my ability.

WITNESS MY HAND as such Court Reporter on this 13th day of June, 2006.

______________________________

Pat Works, Supreme Court
Certified Reporter No. 334
8501 Thames Ave.
Texarkana, TX 75503
(903) 838-3635

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORP.<br><br>Plaintiff,<br><br>vs.<br><br>MAGTEK, INC.<br><br>Defendant. | Case No. No. 2-03CV-459 (DF) |

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

Before the Court is Defendant Magtek, Inc.'s Motion for Protective Order. Having considered the matter, the Court GRANTS Defendant's motion and prohibits Plaintiff from conducting the Viswanathan or Creative Payment Solutions depositions and from noticing any further depositions.