# EXHIBIT D

Dockets.Justia.com

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
08/18/2006
Log Number 511407441

**TO:** David L Craven, Sr VP/Assoc Gen Counsel
BB&T
200 West 2nd Street, 3rd Floor
Winston Salem, NC, 27101-1255

**RE:** Process Served in North Carolina

**FOR:** Creative Payment Solutions, Inc (Domestic State: NC)

RECEIVED AUG 21 '06 LEGAL DEPARTMENT

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DataTreasury Corporation, Pltf. vs. MagTek, Inc. f/k/a Mag-Tek, Inc., Dft. // To: Creative Payment Solutions, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Subpoena, Exhibit, Second Amended Notice, Certificate |
| **COURT/AGENCY:** | USDC Middle District of North Carolina, NC<br>Case # 2:03cv459 |
| **NATURE OF ACTION:** | Subpoena - Business records - Pertaining to MagTek, Inc. regarding the following MagTek products: MICRimage, Exella, and Excella STX. Any and all documents relating to communications with any other entities, specifically including Branch Banking & Trust Company, concerning the following MagTek products, MICRimage, Excella and Excella STX, etc. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Raleigh, NC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/18/2006 at 12:15 |
| **APPEARANCE OR ANSWER DUE:** | 08/24/06 10:00 am // Deposition of a representative of Creative Payment Solutions, Inc. 08/28/06 10:00 am |
| **ATTORNEY(S) / SENDER(S):** | Anthony Bruster<br>Nix Patterson & Roach LLP<br>2900 St. Michael Drive, Suite 500<br>Texarkana, TX, 75503<br>903-223-3999 |
| **ACTION ITEMS:** | Telephone, David L Craven, 336-733-2181<br>*left voice message in regards to short answer date*<br>SOP Papers with Transmittal, via Fed Ex 2 Day, 790531779862<br>Email Notification, David L Craven dcraven@bbandt.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>Ronnie Strickland<br>225 Hillsborough Street<br>Raleigh, NC, 27603<br>919-821-7139 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



**Anthony K. Bruster**
*Licensed in Arkansas, Louisiana,
New Mexico & Texas*

August 17, 2006

Creative Payment Solutions, Inc.
c/o CT Corporation System
225 Hillsborough Street
Raleigh, North Carolina 27603

    Re:    Data Treasury Corporation vs. MagTek, Inc.
            Civil Action No. 2:03cv459

Dear Registered Agent:

    Enclosed please find a Subpoena, Subpoena Duces Tecum, and a Second Amended Notice of Intention to Take Oral and Video Deposition for Creative Payment Solutions, Inc. and accompanying topic areas to be discussed. These documents are being served upon you as the registered agent for service of process of Creative Payment Solutions, Inc.

    Should you have any questions, do not hesitate to contact my office.

                                  Very truly yours,

                                  Anthony Bruster

:dp
Enclosures

2900 St. Michael Drive, Suite 500 • Texarkana, TX 75503 • (903) 223-3999 • (903) 223-8520 Fax

Daingerfield, TX • (903) 645-7333 • Shreveport, LA • (318) 425-9255

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE          DISTRICT OF    NORTH CAROLINA

DataTreasury Corporation  
V.  
MagTek, Inc. f/k/a Mag-Tek, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number: 2:03CV459  
(Eastern District of Texas)

TO: Creative Payment Solutions, Inc.  
c/o CT Corporation System  
225 Hillsborough Street  
Raleigh, NC 27603

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attached Notice of Intention to Take Oral and Video Deposition

| PLACE OF DEPOSITION The Law Offices of KILPATRICK STOCKTON, LLP, 1001 West 4th Street, Winston-Salem, NC. | DATE AND TIME August 28, 2006 10:00 a.m. EST |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Attached as Exhibit "A" Duces Tecum: Copies of these documents are to be delivered to the Law Offices of KILPATRICK STOCKTON, LLP, 1001 West 4th Street, Winston-Salem, NC

| PLACE The Law Offices of KILPATRICK STOCKTON, LLP, 1001 West 4th Street, Winston-Salem, NC | DATE AND TIME August 24, 2006 10:00 a.m. EST |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs | DATE August 16, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  
Anthony K. Bruster  
Nix, Patterson & Roach, LLP, 2900 St. Michael Drive, Suite 500, Texarkana, TX 75503  
P: 903.223.3999  (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.  
AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the commanding party to contest the claim.

# EXHIBIT A

## DUCES TECUM

### INSTRUCTIONS AND DEFINITIONS

1. Deponent shall identify, with respect to each document request, whether any documents responsive to the request exist; whether such documents will be produced by Deponent; when and where the documents will be produced, if different from time and place specified herein; and where such documents are usually kept.

2. The scope, definitions, and instructions applicable to these discovery requests are coextensive with the applicable sections of the Federal Rules of Civil Procedure. Accordingly, each discovery request requires the production of information to the fullest extent permitted under the Federal Rules of Civil Procedure. Nothing herein shall be construed to exceed the applicable sections of the Federal Rules of Civil Procedure.

3. As used herein, "DataTreasury" means DataTreasury Corporation and its present and former officers, employees, agents, consultants, in-house and outside counsel, representatives, and other persons under its control, regardless of their affiliation, and includes joint ventures, subsidiaries, divisions, and other legal entities that are wholly or partially owned or controlled by DataTreasury, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of such DataTreasury divisions, subsidiaries, owned or controlled entities and/or joint ventures.

4. As used herein, the term "Deponent," "you," or "your" includes, you, your office, your business, your employees, your representatives, and anyone acting on your behalf.

5. As used herein, Creative Payment Solutions is defined as Creative Payment Solutions, Inc. and any and all other subsidiary or related entity.

6. As used herein, "communication" and "communications" shall mean any conversation, discussion, letter, memorandum, note, e-mail, voice mail, or other transfer of information, whether written, oral, electronic, or by any other means, and includes any document or other medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication, whether occurring at meetings or otherwise.

7. "Document" or "documents" as used herein shall mean every form of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing as contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure. Every draft or non-identical copy of a document is a separate document as that term is used herein.

8. "Relating to" a given subject matter shall be construed to mean embodying, comprising, referring to, constituting, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter.

9. The connections "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, so as to give each request the broadest possible interpretation and scope.

10. If a request calls for the production of a document as to which you claim any privilege or any other ground for withholding or otherwise failing to produce any requested document, please provide, at the time at which the other documents are produced, a log which, separately for each document not produced, sets forth: (1) the identity of the author thereof, the parties thereto, and any person who helped in the preparation of the document; (2) the title or other identifying data sufficient to describe the document for purposes of a subpoena duces tecum; (3) the date of the document, or if no data appears thereon, the approximate date; (4) the identity of each person to whom the document, or any copy thereof, was transmitted, shown, or disclosed by any entity; (5) the identity and location of each person having or last having possession, care, custody, or control of the document and each of any copies thereof; (6) the purpose for which the document was prepared; (7) the non-privileged contents of the documents, if any portion thereof is not subject to a claim of privilege; and (8) each and every fact or basis on which you claim such a privilege or ground for your refusal to produce, in such detail as would be required to test the claim of privilege on a motion to compel.

11. In producing the documents and writings requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of documents produced from a given file or photographic or electrostatic duplicate of all written or printed material on the original file folder. In addition, the documents shall be produced in the same sequence as they are contained or found in the original file folder. The

integrity and internal sequence of the requested documents within each folder shall not be disturbed. Under no circumstances shall documents from any file folder be commingled from any other file folder.

### Documents To Be Produced

1. Any and all documents relating to communications with MagTek, Inc. regarding the following MagTek products: MICRimage, Excella, and Excella STX.

2. Any and all documents relating to communications with any other entities, specifically including Branch Banking & Trust Company, concerning the following MagTek products: MICRimage, Excella, and Excella STX.

3. Any and all documents relating to the total volume of all MICRimage, Excella, and Excella STX devices that you have purchased or sold in the last three years.

4. Any and all documents relating to the anticipated use of the MICRimage, Excella, and Excella STX devices at the time that you purchased those devices.

5. Any and all documents relating to the anticipated use of the MICRimage, Excella, and Excella STX devices at the time that you purchased or later resold those devices.

6. Any and all documents relating to the anticipated use of the MICRimage, Excella, and Excella STX devices at the time that you installed or tested those devices.

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| | § | Civil Action No. |
| VS. | § | 2:03CV459 |
| | § | |
| MAGTEK, INC. f/k/a MAG-TEK, INC. | § | |
| *DEFENDANTS* | § | |

## SECOND AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION OF A 30(b)(6) REPRESENTATIVE OF CREATIVE PAYMENT SOLUTIONS, INC.

In accordance with the Federal Rules of Civil Procedure, please take notice that Plaintiff will take the 30(b)(6) deposition of a representative of Creative Payment Solutions, Inc. Said deposition will commence at 10:00 a.m. on Monday, August 28, 2006 at the Law Offices of KILPATRICK STOCKTON, LLP, 1001 West 4th Street, Winston-Salem, North Carolina, and is to be used for all purposes allowed by the Federal Rules of Civil Procedure including use as an evidentiary deposition at the time of trial. The witness will be examined on the topic areas in the attached Exhibit A.

Said deposition will be reported by a duly authorized court reporter, certified videographer, and will be offered via live web feed with livenotes and instant messaging. You are invited to attend and cross-examine the witness. The depositions will be conducted before an officer authorized to administer oaths and will continue from day-to-day, weekends and legal holidays excluded, until completed, or according to a Court-ordered schedule.

Respectfully Submitted,

_____

EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
Telephone: 903.645.7333
Facsimile: 903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile: 903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile: 214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
THE COOPER LAW FIRM
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone: 972.831.1188
Facsimile: 972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile: 903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
LAW OFFICES OF T. JOHN WARD, JR. PC
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile: 903.757-2323

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 16th day of August, 2006 via electronic transmission.

| | |
|---|---|
| Otis Carroll | fedserv@icklaw.com |
| Wesley Hill | |
| David A. Dillard | david.dillard@cph.com |
| Danielle Williams | DTWilliams@Kilpatrickstockton.com |

_____
ANTHONY BRUSTER

**EXHIBIT A**

## TOPIC AREAS TO BE DISCUSSED

Creative Payment Solutions is defined as Creative Payment Solutions, Inc. and any and all other subsidiary or related entity.

"You" and "Deponent" includes, you, your office, your business, your employees, your representatives, and anyone acting on your behalf.

1. All communications with MagTek, Inc. regarding the following MagTek products: MICRimage, Excella, and Excella STX.

2. All communications with any other entities, specifically including Branch Banking & Trust Company, concerning the following MagTek products: MICRimage, Excella, and Excella STX.

3. The total volume of all MICRimage, Excella, and Excella STX devices that you have purchased or sold in the last three years.

4. The total revenue generated from the sales of all MICRimage, Excella, and Excella STX devices that you have sold in the last three years.

5. Your knowledge of the anticipated use of the MICRimage, Excella, and Excella STX devices at the time that you purchased or later resold those devices.

6. Any and all documents relating to the anticipated use of the MICRimage, Excella, and Excella STX devices at the time that you installed or tested those devices.