IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **DATATREASURY CORPORATION,** <br> Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | Cause No. 06MC75 <br> E.D. Tex. Cause No. 2:03CV00459 |
| **MAGTEK, INC.,** <br> Defendant. | § <br> § <br> § | |

**PLAINTIFF DATATREASURY CORPORATION'S RESPONSE IN OPPOSITION TO NON-PARTY CREATIVE PAYMENT SOLUTIONS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S SUBPOENA**

Plaintiff DataTreasury Corporation ("DataTreasury") respectfully submits this, its Response in Opposition to Non-Party Creative Payment Solutions Inc.'s ("CPS") Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena ("Motion"). As discussed more fully below, CPS's Motion should be denied because (1) CPS has failed to properly confer with DataTreasury regarding its discovery motion as required by this Court's Local Rule 26.1 before filing its Motion; (2) the subpoena issued and served by DataTreasury on CPS does not impose an undue burden on CPS; and (3) MagTek, Inc.'s pending motion for protective order in the Eastern District of Texas is irrelevant to the determination of the instant matter.

## I. BACKGROUND

DataTreasury has filed a patent infringement suit against MagTek, Inc. ("MagTek") in the United States District Court for the Eastern District of Texas. In an attempt to obtain relevant and discoverable information relating to its claims in that suit,

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 1 of 15

Case 1:06-mc-00075-UA-PTS    Document 4    Filed 08/25/2006    Page 1 of 15

Dockets.Justia.com

DataTreasury served CPS with its "Amended Notice of Intention to Take Oral and Video Deposition of a 30(b)(6) Representative of Creative Payment Solutions, Inc." on August 7, 2006. This notice was also accompanied by a subpoena. In a letter dated August 11, 2006, counsel for CPS advised DataTreasury that the subpoena was not received, although DataTreasury had obtained a proof of service. When informed by CPS (on the afternoon of Friday, August 11) of various "deficiencies" in DataTreasury's first notice, counsel for DataTreasury began communicating with counsel for CPS to resolve these matters on the following Monday, August 14. On Tuesday, counsel for CPS stated that they would require DataTreasury to serve another subpoena regarding the deposition of a CPS 30(b)(6) representative. Counsel for CPS also informed DataTreasury's counsel that, while it would represent CPS in this matter, CPS refused to permit receipt of service by its own counsel. In an attempt to lessen any potential burden on CPS regarding the deposition, on Tuesday, August 15, in advance of re-issuing the subpoena, counsel for DataTreasury forwarded to counsel for CPS a copy of the topic list that CPS claimed it never received.

Counsel for DataTreasury remained in contact with counsel for CPS attempting to resolve various matters relating to the subpoena that DataTreasury would be re-issuing. Meanwhile, DataTreasury re-issued a subpoena out of the Middle District of North Carolina and re-noticed the deposition of a CPS 30(b)(6) witness. At that time, DataTreasury and CPS had not been able to agree on a date on which the deposition would occur because the CPS employee who could address this question was represented to be "out of the office." Even so, DataTreasury agreed to continue to work with CPS in regard to the scheduling issue. In fact, before filing this response to CPS's Motion,

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 2 of 15

Case 1:06-mc-00075-UA-PTS     Document 4     Filed 08/25/2006     Page 2 of 15

counsel for DataTreasury made one final attempt to resolve this matter without the need for the Court's intervention. *See* email from Ben King to Danielle Williams, et al, August 25, 2006, 8:49 a.m. (Ex. 5). CPS has refused to withdraw its Motion. Further, in a telephone conversation following this email, counsel for CPS indicated that their Motion was intended to address, for the most part, DataTreasury's document request. Furthermore, counsel for CPS stated that a witness would not be presented or available for a deposition on the noticed date, and a witness would not be produced as long as MagTek's motion was pending in the Eastern District of Texas. This telephone conversation, held after CPS's Motion was filed, was the first time that CPS discussed with DataTreasury the unavailability of its witnesses on the noticed date and its inability to produce the requested documents on the requested date.

CPS's Motion advances essentially two arguments that DataTreasury's most recent subpoena should be quashed: (1) it imposes an undue burden on CPS because the information is more readily available from MagTek and (2) there is a pending motion for protective order filed by MagTek. These arguments fail for the reasons stated below.

## II. ARGUMENT

### A. CPS'S MOTION SHOULD BE DISMISSED BECAUSE IT IS NOT RIPE FOR DECISION

Rule 26.1(c) of this Court's Local Rules states that this Court "will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord." *See* M.D. N.C. Local Rule 26; *see also, Med.*

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 3 of 15

*Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 177 (M.D. N.C. 2002).[1] Local Rule 26 clearly relates to discovery issues between a party and a non-party and also specifically to Rule 45. *Id.* at 177-78. "It has long been the practice of this Court to require a discovery certification with respect to discovery motions filed pursuant to Rule 45." *Id.* at 178. "Timely compliance with Local Rule 26.1(c) is not only mandatory, but essential to the discovery process in order to avoid unnecessary burden to the opposing party." *Id.* at 179.

Despite its counsel's assured awareness of Local Rule 26.1(c) CPS has undeniably and completely failed to abide by it – CPS has not consulted with DataTreasury, much less make *diligent attempts* to resolve differences. Just as in *Medical Components*, DataTreasury has extended, on multiple occasions, its offer to resolve issues surrounding the discovery dispute. *See* emails from Ben King to Audra Dial (attached as Ex. 1). In email correspondence and through a telephone conversation, counsel for DataTreasury repeatedly stated that DataTreasury was willing to work with CPS regarding the dates for deposition and for the production of documents. *See infra*, Sec. C.1. Notably, counsel for DataTreasury had even attempted to further resolve any potential issues in an email sent on the same day that the instant Motion was filed. *See* email from Ben King to Audra Dial, August 23, 2006, 12:32 a.m. This email was sent some fifteen hours before DataTreasury was ambushed through the electronic service of, and first notified of, CPS's Motion. *See* email from Danielle Williams to Ben King, et al,

---

[1] Just as the court in *Medical Components* was "baffled" at the party's failure to comply with Local Rule 26, this Court should be equally concerned regarding CPS's failure to comply with the local rule. CPS was certainly aware, not only of Local Rule 26, but also the court's opinion in *Medical Components* since CPS cites this very case to the Court. Motion, p. 3. Additionally, the Kilpatrick Stockton firm has an office in Winston-Salem, N.C., and should be intimately familiar with this Court's local rules and precedents.

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 4 of 15

Case 1:06-mc-00075-UA-PTS   Document 4   Filed 08/25/2006   Page 4 of 15

August 23, 2006, 4:04 p.m. At no time has CPS ever sought to confer with DataTreasury regarding a mutually agreeable date relating to the subpoena at issue despite DataTreasury's numerous offers to do so. Just as in *Medical Components*, CPS has failed to negotiate in good faith prior to filing its Motion. Any attempt by CPS to now attempt to comply with Local Rule 26.1(c) should be wholly disregarded, because no matter what the certificate would state, it cannot change the fact that CPS failed to initially negotiate in good faith in an attempt to resolve this dispute. *Id.* at 179, n.6.

Since Local Rule 26.1(c) does apply to Rule 45 and to disputes between parties and non-parties, the Court should deny CPS's Motion. The violation of and failure to follow Local Rule 26.1(c) is "major and substantive, rather than minor and technical." *Id.* at 179. "[T]he remedy for the violation is contained in Local Rule 26.1(c) itself which states that the Court 'will not consider motions' filed without the required certification. This language is mandatory...." *Id.* Also, just as in *Medical Components*, CPS's failure to comply with this requirement was "harmful and egregious" in light of the surrounding circumstances. In actuality, it is DataTreasury who has been forced to bear an undue burden as a result of CPS's unexcusable failure to confer with DataTreasury in an attempt to amicably and professionally resolve this matter.

### B. THE FEDERAL RULES OF CIVIL PROCEDURE CONTEMPLATE THE NEED FOR AND EXPLICITLY ALLOW FOR DISCOVERY FROM NON-PARTIES

The Federal Rules of Civil Procedure ("Rules") generally contemplate that during the course of discovery, it may be necessary for a party to a lawsuit to seek and obtain discoverable information from an individual or entity that is not a party to that particular lawsuit. Specifically, the Rules state that "any person" may be deposed within the
---
Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

confines of certain limitations. *See* Fed. R. Civ. P. 30. It is sometimes necessary, particularly in situations involving non-parties, to issue a subpoena compelling the attendance of an individual or representative to attend and give testimony and/or produce certain documents and things. *See* Fed. R. Civ. P. 45. The Rules also afford certain protections in certain circumstances to the person being compelled to attend and give testimony and/or produce documents and things. *See* Fed. R. Civ. P. 45(c)(3)(A) (vesting the courts with power to quash a subpoena in certain circumstances).

When a witness seeks to quash a subpoena, it is that witness who bears the burden of showing there would be an "undue" burden to comply. *Composition Roofers union Local 30 Welfare Trust Fund v. Gravely Roofing Enters.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (recognizing that a court may quash a subpoena only if the movant meets the "heavy burden" of establishing that compliance would be unreasonable and oppressive); *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (movant must meet "heavy burden" of establishing that compliance would be unreasonable and oppressive). Additionally, this "heavy burden" must be demonstrated with specificity and not with mere conclusory allegations. *See Plant Genetic Sys., N.V. v. Northrup King Co.*, 6 F.Supp.2d 859, 861 (E.D. Mo. 1998) (non-party did not specify what time or resources were necessary to comply with the subpoena and did not indicate how complying with the subpoena would be burdensome); *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) (presenting bare argument that the subpoena was unreasonable and not submitting affidavit or other evidence in support thereof is plainly insufficient to carry burden). In this matter, CPS has wholly failed to carry its "heavy

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 6 of 15

burden," and therefore fails to properly put the issue of the presence of an "undue" burden before the court.

### C. THE SUBPOENA AT ISSUE DOES NOT IMPOSE AN "UNDUE" BURDEN ON CPS

DataTreasury has made every attempt to minimize any potential burden on CPS relating to the issuance of the subpoena in question.[2] CPS argues that "the subpoena should be quashed because it provided inadequate time for compliance and it requests information that would subject CPS to an undue burden. The bases for this argument are:

(1) that considering the scope of the document request and the 30(b)(6) topics to be discussed, "four business days to compile and produce documents and three additional business days within which to prepare witnesses to testify is unreasonable and imposes undue burden on CPS as a non-party witness," Motion, p. 4;

(2) DataTreasury's requests for documents and 30(b)(6) topics are "broad." *See* Motion, p. 1, 2, 4, and 5; and

(3) MagTek is the best source to obtain these documents. Motion, p. 5.

#### 1. Noticed Dates for Deposition and Production of Documents are not Unreasonable, Particularly in Light of the Surrounding Circumstances

---

[2] Specifically, DataTreasury has agreed to: (1) pay the appropriate witness and mileage fee as requested by CPS; (2) conduct the depositions and agree to the production of documents at the offices of CPS's attorneys rather than at the originally noticed location in Winston-Salem; (3) agreed to work with CPS regarding the date, time, and location of the deposition; (4) and produced courtesy copies of the topic list that CPS claimed it never received along with the re-issued subpoena and deposition prior to service of such documents. *See, e.g.* email from Ben King (attorney for DataTreasury) to Audra Dial (attorney for CPS), August 15, 2006, 6:42 p.m. (attached as Ex. 1); Email from Ben King to Audra Dial, August 16, 6:19 p.m. (attached as Ex. 2).

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 7 of 15

Case 1:06-mc-00075-UA-PTS   Document 4   Filed 08/25/2006   Page 7 of 15

CPS's first argument falls flat, in view of the correspondence between counsel for DataTreasury and counsel for CPS. Counsel for DataTreasury has repeatedly offered to work with CPS to resolve any conflicts or problems relating to the noticed dates for deposition and production of documents. *See* email from Ben King to Audra Dial, August 15, 2006, 6:42 p.m; Email from Ben King to Audra Dial, August 16, 4:23 p.m. (both contained within Ex. 1). DataTreasury was led to believe that any issue relating to the date would be worked out mutually between DataTreasury and CPS once CPS's "client representative" returned to the office on August 22. Counsel for DataTreasury sent yet another email to CPS's attorney on August 23 to again attempt to resolve any potential issues relating to the noticed dates of the deposition and for the production of documents. Email from Ben King to Audra Dial, August 23, 2006, 12:32 a.m. (Ex. 3). Despite what CPS's attorney acknowledged as DataTreasury's cooperation regarding the scheduling of the deposition and production of documents, CPS chose to file this Motion without ever attempting to resolve any issues regarding the dates that it now complains of.

CPS's registered agent was served with the amended subpoena and notice of deposition on August 18, 2006, which allowed CPS, at a minimum, 4 business days to collect documents responsive to DataTreasury's request and 5 business days to find and prepare an appropriate witness. Notably, CPS admits that it "began efforts to evaluate the location and scope of documents sought by DTC" on August 7, when it first received DataTreasury's original notice and subpoena. Motion, p. 2. In essence, CPS has had fourteen (14) business days in which to compile and produce responsive documents. Additionally, CPS has had fifteen (15) business days in which to locate and prepare an

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 8 of 15

Case 1:06-mc-00075-UA-PTS    Document 4    Filed 08/25/2006    Page 8 of 15

appropriate 30(b)(6) witness. Correspondence from CPS's counsel appears to indicate that an appropriate witness was identified by at least Wednesday, August 16 – a full eight business days before the noticed deposition date. *See* email from Audra Dial to Ben King, August 16, 2006, 12:05 p.m. (stating "our client representative is out of the office until August 22nd."). Therefore, CPS has had much more than "*four* business days to compile and produce documents and *three additional* business days within which to prepare witnesses to testify." Motion, p. 4.

Most significantly, DataTreasury's offers to work with CPS regarding the noticed dates have been completely ignored by CPS. Instead of attempting to resolve this matter without court intervention, CPS filed this Motion. DataTreasury has been, and continues to be, willing to work with CPS to resolve any and all issues relating to the dates of the deposition and document production. CPS's refusal to attempt to resolve this matter with DataTreasury is unreasonable in light of the surrounding circumstances, particularly DataTreasury's standing offer to attempt to determine mutually agreeable dates.

### 2. DataTreasury's Document Requests and Notices Topics are not "Unduly" Burdensome

CPS makes absolutely no attempt to explain to the court why the subpoenaed documents and 30(b)(6) topics are "broad" or "unduly burdensome," and as the moving party, it is CPS's burden to make such a showing. *See Plant Genetic Sys., N.V. v. Northrup King Co.*, 6 F.Supp.2d 859, 861 (E.D. Mo. 1998) (non-party did not specify what time or resources were necessary to comply with the subpoena and did not indicate how complying with the subpoena would be burdensome); *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) (presenting bare argument that the

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 9 of 15

subpoena was unreasonable and not submitting affidavit or other evidence in support thereof is plainly insufficient to carry burden). In this matter, CPS has wholly failed to carry its "heavy burden," and therefore fails to properly put the issue of the presence of an "undue" burden before the court. Furthermore, CPS makes no attempt to explain what documents it has that are protected from disclosure because of their privileged and confidential nature. Nor has CPS either inquired concerning the protection to which it is entitled as a result of the protective order entered in the Magtek case in the Eastern District of Texas (a forum and litigation with which CPS' counsel are intimately familiar, since they represent multiple other defendant entities in this same litigation in the Eastern District of Texas), or requested or proposed a confidentiality agreement of its own. While DataTreasury does recognize that CPS is presently a non-party to this litigation, CPS fails to even meet the minimum requirements of fulfilling its "heavy burden." As the movant, CPS cannot rely on its non-party status to excuse it from meeting the minimum requirements that must be demonstrated to the Court in order for the Court to grant its Motion.

In the interest of clarity, DataTreasury's requests are not "overly broad." In fact, DataTreasury's requests seek specific and straightforward information relating to CPS's involvement and relationship with MagTek regarding specific products manufactured by MagTek. Notably, CPS has made no attempt to contact DataTreasury to discuss the nature of these requests and attempt to resolve any objections, questions or misgivings that it may have regarding these requests. DataTreasury's requests are reasonably drawn on their face, and the Court should balance DataTreasury's need for the information against any burden imposed upon the movant. *See, e.g. Northwestern Mem'l Hosp. v.*

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 10 of 15

*Ashcroft*, 362 F.3d 923, 928-32 (7th Cir. 2004). Beyond alleging that the time to comply with DataTreasury's requests is unreasonable, and as discussed *supra*, CPS has wholly failed to explain how DataTreasury's requests are burdensome or oppressive. Because CPS has failed to elaborate in any detail as to why these requests are "broad," CPS's arguments in that regard are appropriately dismissed without further consideration by the Court. DataTreasury's need for the information is discussed more fully in the following section.

### 3. DataTreasury has Unsuccessfully Sought to Obtain Information from MagTek Relating to These Matters

CPS's argument that DataTreasury's requests are "unduly" burdensome because MagTek is the best source of documents also rings hollow. For years, DataTreasury has unsuccessfully sought to obtain from MagTek much of the discoverable information it now seeks from CPS. Notably, MagTek completely failed to disclose clearly relevant documents relating to another third party, ScanSource, whom DataTreasury subpoenaed. DataTreasury only learned of and received relevant documents when they were produced by ScanSource in response to a similar notice and subpoena. DataTreasury has been unable to fully obtain information from MagTek relating to communications between MagTek and various other parties, volumes of MagTek's product that it sold to specific entities, and particularly the anticipated use of the devices that DataTreasury's requests relate to. The fact that there were previously undisclosed responsive documents in the possession of third parties was made evident by the nature of ScanSource's production. Because DataTreasury has been unable to obtain the information sought from MagTek, CPS's argument fails. *Composition Roofers Union Local 30 Welfare Trust Fund v.*

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 11 of 15

Case 1:06-mc-00075-UA-PTS    Document 4    Filed 08/25/2006    Page 11 of 15

*Gravely Roofing Enters.*, 160 F.R.D. 70, 73 (E.D. Pa. 1995) (when party had made unsuccessful attempts to obtain documents directly from party, non-party witness could not oppose the subpoena on the grounds that the documents were readily available from that party).

### D. MAGTEK'S PENDING MOTION FOR PROTECTIVE ORDER IS IRRELEVANT IN THE DETERMINATION OF THE ISSUES REGARDING THE INSTANT MOTION

While MagTek has filed a motion for protective order in the Eastern District of Texas that could possibly prevent certain noticed depositions from occurring, such motion is wholly irrelevant to the merits of the instant Motion. First, CPS's arguments that it will unnecessarily compile documents and prepare witnesses presupposes that MagTek's motion will be ruled upon before the date noticed for CPS's deposition. Preventing this deposition from going forward based on a chance that MagTek's motion for protective order will be granted, and that such relief will be granted before CPS's deposition is set to occur prevents DataTreasury from obtaining discoverable information it is entitled to. Secondly, CPS has no standing in regards to MagTek's pending motion. Finally, a pending motion for the entry of a protective order, and an order in which the movant has no standing, is not a ground on which a court may grant a motion to quash. *See* Fed. R. Civ. P. 45(c)(3)(A).

### III. CONCLUSION

CPS has failed to properly demonstrate to the Court that DataTreasury's subpoena imposes upon it an undue burden, much less demonstrate why, if at all, DataTreasury's requests are "overbroad" and how such requests seek the disclosure of privileged and confidential information. Moreover, MagTek's pending motion for protective order in

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 12 of 15

the Eastern District of Texas is irrelevant to the determination of the issues surrounding the instant motion. For these reasons, and those more fully discussed herein, CPS's Motion should be denied and DataTreasury should be permitted to proceed with the deposition of CPS.

Respectfully submitted,

/s/ R. Benjamin King
**EDWARD L. VON HOHN**, Attorney in Charge
State Bar No. 09813240
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.4415 (facsimile)
edhohn@nixlawfirm.com

**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 13 of 15

Case 1:06-mc-00075-UA-PTS    Document 4    Filed 08/25/2006    Page 13 of 15

Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ROD COOPER**
State Bar No. 90001628
**THE COOPER LAW FIRM**
c/o **NIX PATTERSON & ROACH LLP**
5215 N. O'Connor Blvd. Ste. 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.692.5445 (facsimile)
rcooper@cooperiplaw.com

**ERIC M. ALBRITTON**
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 14 of 15

Case 1:06-mc-00075-UA-PTS    Document 4    Filed 08/25/2006    Page 14 of 15

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 25th day of August, 2006 via electronic transmission.

| | |
|---|---|
| Steven Gardner | SGardner@Kilpatrickstockton.com |
| E. Danielle Thompson Williams | DTWilliams@Kilpatrickstockton.com |
| Bret T. Winterle | BWinterle@Kilparickstockton.com |
| Otis Carroll | fedserv@icklaw.com |
| Wesley Hill | |
| David A. Dillard | david.dillard@cph.com |

**/s/ R. Benjamin King**
**R. Benjamin King**

Plaintiff DataTreasury Corporation's Response in Opposition to Non-Party Creative Payment Solutions Inc.'s Memorandum of Law in Support of Its Motion to Quash Plaintiff's Subpoena

Page 15 of 15

Case 1:06-mc-00075-UA-PTS    Document 4    Filed 08/25/2006    Page 15 of 15