IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:06-mc-00075

| | |
|---|---|
| DATATREASURY CORPORATION<br><br>        Plaintiff,<br><br>v.<br><br>MAGTEK, INC.,<br><br>        Defendant. | E.D. Tex. Civil Action No. 2:03-cv-00459-DF |

**NON-PARTY CREATIVE PAYMENT SOLUTIONS INC.'S REPLY**

Non-party Creative Payment Solutions Inc. ("CPS") respectfully submits this reply in further support of its motion to quash the subpoena served on August 18, 2006 (the "Subpoena") by Plaintiff DataTreasury Corporation ("DTC") to CPS. Even after the filing of CPS' motion to quash, CPS and DTC continued their discussions related to the Subpoena. As a result, the only issue remaining to be resolved by this Court is whether the deposition of CPS should proceed while Magtek's Motion for Protective Order, which seeks to prevent this CPS deposition, is pending before the United States District Court for the Eastern District of Texas ("the Trial Court").

CPS is uncertain whether the deposition should proceed because (1) Magtek's Motion for Protective Order requests the Trial Court to stop this deposition because DTC has exceeded the number of depositions permitted under the governing Scheduling Order but (2) DTC advocates that the CPS deposition should occur while Magtek's motion is pending. During this period of uncertainty while Magtek's motion is pending, CPS should not be forced to produce a witness for a deposition that may later be deemed improper because DTC exceeded the allotted number

US2000 9471815.1 55588-329765

Dockets.Justia.com

of depositions. If the CPS deposition proceeds and the Trial Court grants Magtek's Motion for Protective Order, then CPS, a non-party, will have unnecessarily wasted its resources to comply with an improper subpoena. Without direction from the Trial Court, CPS could incur substantial expense associated with preparing its 30(b)(6) designee to testify and ultimately testifying without knowing whether this testimony is necessary or proper in the pending case. Rule 45 affords protection to non-parties from this type of undue burden and expense. *See Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 (M.D.N.C. 2002) (holding non-parties should be protected from undue burden). To avoid this confusion and potential inefficiency, CPS filed its Motion to Quash.

For the reasons stated herein and in Section III of CPS' Memorandum in Support of its Motion to Quash, CPS respectfully requests that the Subpoena compelling CPS to produce a witness for deposition be quashed. In the alternative, CPS seeks a protective order delaying compliance with the Subpoena until such time after the Trial Court has ruled on Magtek's Motion for Protective Order.

Respectfully submitted, this the 1st day of September, 2006.

    /s/ E. Danielle Thompson Williams_____
Steven Gardner
NC Bar No. 12137
E. Danielle Thompson Williams
NC Bar No. 23283
Bret T. Winterle
NC Bar No. 32051

1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

Attorneys for Non-Party Creative Payment Solutions, Inc.

2

US2000 9471815.1 55588-329765

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 26.1(c)

Counsel for DataTreasury Corporation ("DTC") and for Non-Party Creative Payment Solutions, Inc. ("CPS") have had several discussions regarding their respective positions on the only issue remaining in dispute, whether the requested deposition should proceed while Magtek's Motion for Protective Order is pending. After personal consultation and diligent attempts to resolve the differences DTC and CPS are unable to reach an accord on this one remaining issue.

Respectfully submitted, this the 1st day of September, 2006.

/s/ E. Danielle Thompson Williams
Steven Gardner
NC Bar No. 12137
E. Danielle Thompson Williams
NC Bar No. 23283
Bret T. Winterle
NC Bar No. 32051

1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

Attorneys for Non-Party Creative Payment Solutions, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused to be served the foregoing Non-Party Creative Payment Solutions Inc.'s Reply on Plaintiff's counsel of record by CM/ECF addressed as follows:

| | |
|---|---|
| Anthony Bruster, Esq. | akbruster@nixlawfirm.com |
| Richard B. King, Esq. | benking@nixlawfirm.com |
| Nix Patterson & Roach, L.L.P. | |
| 2900 St. Michael Dr., 5th Floor | |
| Texarkana, TX 75503 | |
| | |
| David A. Dillard, Esq. | david.dillard@cph.com |
| Christie, Parker & Hale, LLP | |
| 350 West Colorado Blvd., Suite 500 | |
| P.O. Box 7068 | |
| Pasadena, CA 91109-7068 | |

This 1st day of September, 2006.

    /s/ E. Danielle Thompson Williams
E. Danielle Thompson Williams

Attorney for Non-Party Creative Payment Solutions, Inc.